UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
RICHARD ROMO,

        Plaintiff,

   -against-

DET. (FNNK) HOLLOWAY, in his individual capacity, DET. JOHN DOE, in his individual capacity, and THE CITY OF NEW YORK,

        Defendants.

Demand for Jury Trial
------------------------------------------------------------X

CV 14 2805

COMPLAINT

Plaintiff, Richard Romo, by and through his attorneys LeBow & Associates, PLLC, complains of the Defendants, and each of them, as follows:

## I. PRELIMINARY STATEMENT

Plaintiff Richard Romo brings this action under 42 USC §§1983 and 1988 to redress Defendants' violations of the rights and immunities secured to Plaintiff by the United States Constitution. Defendants Holloway and Doe are both New York City police officers, who at all times mentioned herein were acting under color of state law. Plaintiff alleges that Holloway and Doe falsely arrested him and maliciously prosecuted him, and that Holloway used excessive force against him. Plaintiff asserts a claim against the City of New York based upon entity liability, and alleges that the City of New York maintained certain policies, customs, and practices regarding the hiring, training, supervision, and disciplining of police officers that demonstrated a deliberate indifference towards the constitutional rights of Plaintiff and others, and that directly and proximately caused the violation of Plaintiff's Fourth Amendment rights.

Plaintiff seeks compensatory damages from Holloway, Doe, and the City of New York, and punitive damages from Holloway and Doe.

## II. JURISDICTION AND VENUE

1. This Court has federal question jurisdiction over the federal civil rights claims asserted herein against Defendants Holloway, Doe, and the City of New York pursuant to 28 U.S.C. §§1331 and 1343(a)(3). Venue in this district is proper because a substantial part of the events giving rise to the claims described herein occurred in the Eastern District of New York.

## III. PARTIES

2. At all times relevant herein, Plaintiff Richard Romo was a resident of Brooklyn, New York, residing at 95 Centre Mall, Red Hook, Brooklyn, NY 11231, and a citizen of the United States.

3. At all times relevant herein, Defendant Det. (FNNK) Holloway (#17428) was a police officer employed by the New York City Police Department ("NYPD"), and assigned to the 72nd Precinct in the Sunset Park neighborhood of Brooklyn.

4. At all times relevant herein, Defendant John Doe was a police officer employed by the NYPD, and assigned to the 72nd Precinct.

5. At all times relevant herein, The City of New York was a municipal corporation existing under the laws of the State of New York. As such, it maintains a police department, and has enacted rules, regulations, and policies as well as maintaining customs and practices concerning the hiring, termination, training, discipline and the conduct of the officers it employs.

## IV. STATEMENT OF FACTS

6. At all times relevant herein, Plaintiff Richard Romo ("Plaintiff") was a resident of Brooklyn, New York, residing at 95 Centre Mall, Red Hook, Brooklyn, NY 11231.

7. At all times relevant herein, Defendant Det. (FNNK) Holloway ("Holloway") was an NYPD officer assigned to the 72nd Precinct.

8. At all times relevant herein, Defendant Det. John Doe ("Doe") was an NYPD officer assigned to the 72nd Precinct.

9. On or about March 6, 2013, Plaintiff was walking in the Park Slope neighborhood of Brooklyn, NY.

10. On information and belief, a police van pulled over, and Doe screamed at Plaintiff to freeze.

11. On information and belief, Doe exited the van and lunged at Plaintiff's neck.

12. On information and belief, Plaintiff tried to lean on a fence.

13. On information and belief, Doe held Plaintiff's hands behind his back.

14. On information and belief, Holloway came at Plaintiff with a small stick and hit him multiple times in the face when he was restrained, and Plaintiff was bleeding.

15. On information and belief, Holloway and Doe were asking Plaintiff "What did you do?", "What do you have?", and "You just bought from this kid?"

16. On information and belief, Plaintiff asked for an ambulance.

17. On information and belief, a superior officer was on the scene, and watched Holloway and Doe attack Plaintiff without intervening or telling the officers to stop.

18. On information and belief, Plaintiff was taken to the Lutheran Hospital, where he was restrained and searched. Plaintiff was given six stitches on his left eyebrow. The search found nothing.

19. On information and belief, Plaintiff was taken to Brooklyn Central Booking, and after 2-3 days was released on bail.

20. On information and belief, Plaintiff was charged with resisting arrest, tampering with physical evidence, and possession of a controlled substance.

21. On or about October 24, 2013, all charges against Plaintiff were dropped.

### V. FIRST CAUSE OF ACTION - CIVIL RIGHTS AND CONSTITUTIONAL VIOLATIONS
(Against Defendants Holloway and Doe)

22. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs 1 through 21 of this Complaint with the same force and effect as though fully set forth herein.

23. As a result of the actions of Defendants Holloway and Doe, which began on or about March 6, 2013, Plaintiff was deprived of his rights under the United States Constitution and federal civil rights law. Plaintiff's rights are secured by provisions of the Fourth Amendment and 42 U.S.C. §1983.

24. The actions of Defendants Holloway and Doe were committed under the color of law and were intentional and willful.

25. On or about March 6, 2013, Defendants Holloway and Doe intended to confine Plaintiff.

26. On or about March 6, 2013, Plaintiff was conscious of being confined.

27. On or about March 6, 2013, Plaintiff at no time consented to being confined by Defendants Holloway and Doe, but nonetheless cooperated with them because they were NYPD officers acting in an official capacity.

28. That at the time of Plaintiff's arrest on March 6, 2013, Holloway and Doe had not seen Plaintiff possess drugs, had not found any drugs on his person, had not seen or heard him discuss drugs with any other individual, had not seen him discard drugs or have reason to believe that he had discarded drugs, had not found any discarded drugs in the area around Plaintiff, and did not have any independent knowledge of Plaintiff being involved in any drug activity, and therefore did not possess sufficient information for a reasonable person to believe that Plaintiff had possessed or discarded a controlled substance.

29. In view of the fact that Holloway and Doe did not possess sufficient information for a reasonable person to believe that Plaintiff had possessed or discarded a controlled substance, and had no reason to believe that Plaintiff had committed any other crime, they therefore did not possess knowledge sufficient for a reasonable person to believe that Plaintiff was committing or had committed a crime at the time of his arrest.

30. In view of the fact that Defendants Holloway and Doe did not possess information upon which a reasonable person could have believed that Plaintiff had committed or was committing a crime at the time of arrest, Defendants Holloway and Doe did not have probable cause to arrest and confine Plaintiff.

31. That neither on nor about March 6, 2013, nor at any other relevant time herein, did Defendants Holloway and Doe possess a warrant for Plaintiff's arrest and confinement.

32. That neither on nor about March 6, 2013, nor at any other relevant time herein, did such a warrant for Plaintiff's arrest and confinement exist.

33. In view of the fact that Defendants Holloway and Doe intended to confine Plaintiff, Plaintiff was conscious of his confinement, Plaintiff did not consent to his confinement, and the confinement was not privileged since it was not conducted pursuant to a warrant or probable cause, Plaintiff's confinement was therefore unlawful and actionable under 42 U.S.C. §1983.

34. The actions of Defendants Holloway and Doe amounted to false arrest and false imprisonment under 42 U.S.C. §1983 and the Fourth Amendment of the United States Constitution.

35. As a direct and proximate result of Plaintiff's false arrest and false imprisonment, Plaintiff was caused to suffer a loss of freedom and liberty, great mental anguish, emotional distress, and public humiliation, and was further caused to experience fear of physical harm and violence, and to incur attorney's fees and expenses.

36. On or about March 6, 2013, Holloway or Doe initiated charges against Plaintiff for resisting arrest, tampering with physical evidence, and possession of a controlled substance.

37. On or about October 24, 2013, the judge dropped all of the charges against Plaintiff.

38. On information and belief, Plaintiff's criminal complaint, signed by Holloway or Doe, states that Plaintiff resisted arrest, a crime whose elements are that (1) Plaintiff must have intentionally attempted to prevent the arrest of himself or someone else, and that (2) the arrest he attempted to prevent must itself have been supported by a warrant or by probable cause.

39. On information and belief, Holloway and Doe knew that Plaintiff had not attempted to prevent his or anyone else's arrest during the events herein.

40. On information and belief, Holloway and Doe did not possess sufficient information for a reasonable person to believe that Plaintiff had possessed or discarded a controlled substance, and had no reason to believe that Plaintiff had committed any other crime, and

therefore did not possess knowledge sufficient for a reasonable person to believe that Plaintiff was committing or had committed a crime at the time of his arrest, and therefore there was no probable cause for Plaintiff's arrest on March 6, 2013. Additionally, there was no warrant for Plaintiff's arrest on March 6, 2013.

41. In light of the above, Holloway and Doe did not possess sufficient information for a reasonable person to believe that Plaintiff had resisted arrest, and therefore did not possess knowledge sufficient for a reasonable person to believe that Plaintiff had committed the crime of resisting arrest at the time of the charges.

42. In view of the fact that Defendants Holloway and Doe did not possess information upon which a reasonable person would have believed that Plaintiff had committed the crime of resisting arrest at the time he was charged, Defendant Holloway or Doe did not have probable cause to charge Plaintiff with that crime.

43. On information and belief, Plaintiff's criminal complaint, signed by Holloway or Doe, states that Plaintiff tampered with physical evidence, a crime whose elements are that Plaintiff suppressed evidence that he believed was about to be produced or used in a prospective official proceeding, and did so by an act of concealment, alteration, or destruction - by allegedly discarding drugs.

44. On information and belief, Holloway and Doe knew that Plaintiff did not possess any drugs at any time during the events herein, and did not discard any drugs, and nor did Plaintiff's actions give a reasonable officer in the position of Holloway or Doe reason to believe that Plaintiff had possessed or discarded any drugs.

45. In light of the above, Holloway and Doe did not possess sufficient information for a reasonable person to believe that Plaintiff had tampered with evidence or that Plaintiff had

possessed any controlled substance, and therefore did not possess knowledge sufficient for a reasonable person to believe that Plaintiff had committed the crime of tampering with evidence or possession of a controlled substance at the time of the charges.

46. In view of the fact that Defendants Holloway and Doe did not possess information upon which a reasonable person would have believed that Plaintiff had committed the crime of tampering with evidence or possession of a controlled substance at the time he was charged, Defendant Holloway or Doe did not have probable cause to charge Plaintiff with those crimes.

47. Defendants Holloway and Doe initiated charges against Plaintiff due to seeking retaliation against Plaintiff, or otherwise other than for the motive of obtaining justice in accordance with the law.

48. Defendants Holloway and Doe initiation of criminal proceedings against Plaintiff on the above charges without probable cause and with a motive other than obtaining justice was an act of actual malice against Plaintiff.

49. Plaintiff suffered post-arraignment restrictions on his liberty when he had to attend numerous court hearings for more than six months before the charges against him were finally dropped.

50. As a direct and proximate result of Plaintiff's malicious prosecution, Plaintiff was caused to suffer a loss of freedom and liberty, great mental anguish, emotional distress, and public humiliation, and was further caused to experience fear of physical harm and violence, and to incur attorney's fees and expenses.

51. The actions of Defendants Holloway and Doe amounted to malicious prosecution under 42 U.S.C. §1983 and the Fourth Amendment of the United States Constitution.

## VI. SECOND CAUSE OF ACTION- EXCESSIVE FORCE

52. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs 1 through 51 of this Complaint with the same force and effect as though fully set forth herein.

53. As a result of the actions of Defendant Holloway, which began on or about March 6, 2013, Plaintiff was deprived of his rights under the United States Constitution and federal civil rights law. Plaintiff's rights are secured by provisions of the due process clause of the Fourteenth Amendment, the Fourth Amendment, and 42 U.S.C. §1983.

54. The actions of Defendant Holloway were committed under the color of law and were intentional and willful.

55. That at all times mentioned herein, Defendant Holloway acted without privilege or authorization of law, and with the specific intent to deprive Plaintiff of his rights under the United States Constitution and federal civil rights law.

56. That at all times mentioned herein, Defendant Holloway either knew or should have known that he was violating Plaintiff's rights under the United States Constitution and federal civil rights law.

57. On information and belief, Plaintiff did not physically resist officers Holloway and Doe at any time, nor did he take actions that a reasonable officer could perceive as resisting arrest, as attempting to strike at the officers, or as attempting to flee.

58. On information and belief, Defendant Holloway repeatedly hit Plaintiff in the face with a stick despite the fact that Plaintiff was not resisting or attempting to strike the officers or attempting to flee.

59. On information and belief, Defendant Holloway struck Plaintiff with such force that Plaintiff had to be hospitalized and required six stitches.

60. A reasonable officer in Defendant Holloway's position would have no reason to believe that Plaintiff was committing, or was in the course of committing, a violent felony offense, based on the information available to Defendant Holloway at the time he saw Plaintiff.

61. A reasonable officer in Defendant Holloway's position would have no reason to believe that Plaintiff posed a threat of serious bodily injury to either of them or to anyone else in the area, or was resisting arrest or actively attempting to evade arrest by flight, based on the information then available to Defendant Holloway.

62. A reasonable officer in Holloway's position would not have employed the same degree of force against Plaintiff as did Holloway, in light of (A) the severity of any crimes that Holloway could reasonably have perceived that Plaintiff had committed or was in the course of committing, based on the information then available to him; (B) the fact that a reasonable officer could not have perceived that Plaintiff posed an immediate threat to the safety of Holloway or Doe or anyone else on the scene; and (C) the fact that Plaintiff was not actively resisting arrest or attempting to evade arrest by flight, nor could a reasonable officer perceive Plaintiff's actions as doing so.

63. The degree of force that Defendant Holloway used against Plaintiff was objectively unreasonable and excessive, and violated Plaintiff's Fourth Amendment rights.

64. Defendant Holloway knew or should have known that the nature and degree of force used upon Plaintiff was unnecessary, excessive, and in clear violation of Plaintiff's rights under the Fourth Amendment to the United States Constitution and federal civil rights law.

65. The actions of Holloway therefore amounted to excessive force under 42 U.S.C. §1983.

66. As a direct and proximate result of Holloway's use of excessive force against Plaintiff, Plaintiff was caused to be hospitalized and require six stitches, and suffered severe pain, great mental anguish, and emotional distress.

### VII. THIRD CAUSE OF ACTION- CIVIL RIGHTS AND CONSTITUTIONAL VIOLATIONS (Entity liability against Defendant City of New York)

67. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs 1 through 66 of this Complaint with the same force and effect as though fully set forth herein.

68. On information and belief, responsible officials of the City of New York maintained customs, policies, and practices regarding the supervision and/or training of NYPD officers that led to the deprivations of Plaintiff's Fourth Amendment rights as alleged herein.

69. Responsible officials of Defendant City of New York knew or should have known that if they failed to supervise or train NYPD officers effectively so as to prevent them from violating the constitutional rights of individuals by making unlawful arrests and bringing false charges, the obvious consequence would be that some officers would nonetheless engage in such conduct for various reasons other than to achieve justice in accordance with the law, such as to retaliate against certain individuals, to make arrests and secure prosecutions in order to advance their careers, to gain media attention by arresting high-profile suspects, or to obtain a prosecution when an officer believes that a defendant is guilty but the evidence against that defendant is not sufficient to establish probable cause.

70. In light of the above, responsible officials of Defendant City of New York knew to a moral certainty that NYPD officers would frequently confront situations in which there were powerful incentives to make unlawful arrests or bring false charges.

71. Responsible officials of Defendant City of New York knew that when NYPD officers confront situations in which there were powerful incentives to make unlawful arrests or bring false charges, if those officers are properly supervised and disciplined they would almost always be deterred from making unlawful arrests or bringing false charges due to the understanding that they would be held liable if they do so, and if those officers were properly trained, they would be fully aware of (A) when it is legal to arrest and charge a suspect and the proper procedures for carrying out an arrest, (B) their responsibilities under the law to make only lawful arrests and bring only truthful charges justified by the available evidence, and (C) the consequences they would face for false charges or unlawful arrests.

72. Responsible officials of Defendant City of New York knew that the consequence of NYPD officers making unlawful arrests or bringing false charges would be the deprivation of the constitutional rights of citizens, such as unlawful arrests, malicious prosecutions, and wrongful imprisonment of citizens, thereby violating those citizens' Fourth Amendment rights.

73. In light of fact that the responsible officials of Defendant City of New York knew or should have known that if they failed to supervise the officers of the NYPD effectively so as to prevent them from violating the constitutional rights of individuals by making unlawful arrests and bringing false charges, the obvious consequence would be that some officers would make unlawful arrests and bring false charges for various reasons other than achieving justice in accordance with the law, said officials had a duty to supervise and/or train NYPD officers effectively, and said

officials' failure to do so represents a deliberate indifference to the constitutional rights of Plaintiff and other individuals who were unlawfully arrested or falsely charged.

74. As a direct and proximate result of the aforesaid acts of responsible officials of Defendant City of New York, Plaintiff was falsely arrested and wrongfully charged, and had to attend numerous court appearances over a period of over six months, and thereby suffered a deprivation of his rights under the Fourth Amendment to the United States Constitution, great mental anguish, emotional distress, and public humiliation, and was further caused to experience fear of physical harm and violence, and to incur attorney's fees and expenses.

75. As a result of the foregoing, Plaintiff sustained the damages previously described, and seeks compensatory damages from the City of New York.

WHEREFORE Plaintiff demands judgment against each of Holloway and Does in the amount of One Million Dollars ($1,000,000.00) in compensatory damages and Five Million Dollars ($5,000,000.00) in punitive damages on the First cause of action, against Holloway in the amount of One Million Dollars ($1,000,000.00) in compensatory damages and Five Million Dollars ($5,000,000.00) in punitive damages on the Second cause of action, and against the City of New York in the amount of One Million Dollars ($1,000,000.00) in compensatory damages on the Third cause of action, together with attorneys' fees, and the costs and disbursements associated with bringing this action.

Dated: New York, New York
      May 5, 2014, 2014

Respectfully submitted,

LEBOW & ASSOCIATES, PLLC

/s/ James B. LeBow

James B. LeBow, Esq. (JL4535)

570 Lexington Avenue, 16th Floor
New York, New York 10022
Tel. (212) 868-3311
Fax (646) 619-4555